Martin, J.
I have examined the opinion which judge Mathews has prepared in this case, and concur therein.
*288 West'n District.
Mathews, J.
The appellant, who was plaintiff in the court below, claims a tract of land described in his petition, by a title derived from S. Cuney, which is evidenced by a requete and order of survey, under the Spanish government, and a confirmation by the land commissioners of the united states.
The defendant and appellant sets up a title of the same kind, as that under which the plaintiff claims, granted to his brother, who is dead, and whose estate he claims as heir, posterior in date to Cuney’s, but which he attempts to carry back to an anterior period, by fixing it on a place formerly claimed by one Points. He also claims by prescription, under a possession of more than ten years.
As there is no evidence of the nature of Points’ claim, nor of a transfer of his title, whatever it may have been, to the defendant or his brother, it cannot be noticed in the decision of this court.
There is no dispute as to the locus in quo, and the title under which the plaintiff claims, being of equal dignity and solemnity with that of the defendant, but anterior in date, he must recover the premises in dispute, unless he has lost his right by latches, in *289 suffering the defendant to remain in quiet possession during a time sufficient to gain a title by prescription.
Bullard and Wilson for the plaintiff, Baldwin and Thomas for the defendant.
It is believed that prescription might have produced this effect, had it not been for the minority of the grantor, under whose title the plaintiff claims, as shewn by the evidence in the cause. It being a clear principle of law, that a possessor cannot avail himself of prescription against minors.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.